# WILMERHALE

**Charles C. Platt**

+1 212 230 8860 (t)
+1 212 230 8888 (f)
charles.platt@wilmerhale.com

January 22, 2018

The Honorable Deborah A. Batts
Southern District of New York
Daniel Patrick Moyhihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Dear Judge Batts:

**Re: MM Proton I, LLC. v. Yory LLC, et al., No. 17-CV-10102-DAB**

We represent MM Proton I LLC ("MM Proton") in the above-referenced action, and are responding to the January 19, 2018 letter from defendants' counsel seeking a 45-day extension of their time to answer the complaint served on them in December.

Defendants' request should be denied for three reasons:

1. Defendants have disregarded this Court's individual rules of practice, which require any requests for extensions of time to be made at least one week before the deadline. This request was made on the day of the deadline (January 19), not one week before, and is therefore untimely. (Contrary to the letter of defendants' counsel, the affidavits of service were filed the with the Court on January 17, and recorded the defendants' answers being due on January 19.)

2. This is just the latest instance of defendants trying to unreasonably and repeatedly delay MM Proton's construction of a cancer therapy center in Manhattan, in an effort to extract compensation and other benefits from MM Proton. Defendants have been represented for the last year and a half by two other law firms in this ongoing dispute, and their attempt to bring in new counsel at the very last minute is just another effort to continue that unreasonable delay. (Even this latest counsel waited two days to file the request for an extension, after having been advised immediately by MM Proton it could not agree to any further delays.)

3. Defendants' unreasonable delays are causing actual and imminent risks of irreparable harm, as described in MM Proton's motion papers, and threaten the public interest in several ways. Further delays seriously compound those risks, and extensions of time are not appropriate under those circumstances, where the litigation should be on an expedited schedule even if, despite all the evidence in favor, an injunction were not issued immediately.

WILMERHALE

The Honorable Deborah A. Batts
January 22, 2018
Page 2

Defendants argue that they should be granted a 45-day extension to answer even though their opposition to MM Proton's motion for injunctive relief is due on January 26, and the motion is scheduled to be heard on February 7. According to defendants, this motion "has nothing to do with the time by which defendants serve a responsive pleading." That is incorrect. One of the issues to be addressed with respect to MM Proton's motion is the likelihood of success on the merits. If defendants intend to contest that issue in their opposition papers due on January 26, they should be required to have responded to the allegations of the complaint before then.

Accordingly, MM Proton requests that the Court deny defendants' application for an extension of time.

Respectfully,

*/s/ Charles C. Platt*

Charles C. Platt

CCP:mr